848 F.2d 190
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William M. GREEN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-6018.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1988.
 
 Before LIVELY and RALPH B. GUY, Jr., Circuit Judges, and AVERN COHN, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, William H. Green, appeals from the denial of social security disability benefits. Green was born on March 3, 1933, and was forty-seven years of age when he first alleged he became disabled on July 26, 1982. Green is a high school graduate and had worked for twenty-eight years at Construction Engineering as a machinist.
 
 
 2
 Green has a history of knee problems going back to age seventeen. He has had several surgical procedures performed on his knees and, at present, he frequently uses a cane for assistance in walking. Plaintiff also has some degenerative disc disease of the lumbosacral spine. According to plaintiff, his knee and back problems also produce disabling pain.
 
 
 3
 Plaintiff had his first hearing before an administrative law judge (ALJ) in October, 1983. The ALJ found that Green was unable to perform his past relevant work as a machinist but had the residual functional capacity to perform a full range of sedentary work. The Appeals Council denied review and plaintiff appealed to the district court. The district court remanded to the Secretary because the ALJ had failed to make adequate findings as to plaintiff's allegations of disabling pain.
 
 
 4
 Upon remand, a second ALJ concluded that Green was disabled from July 26, 1982, through April, 1983, but otherwise retained the residual functional capacity to perform sedentary work with certain limitations. A vocational expert testified that work of a sedentary nature was available which plaintiff could perform and using skills transferrable from his previous employment. The Appeals Council affirmed and plaintiff again appealed to the district court.
 
 
 5
 After a careful review of the record, Judge Edgar issued a comprehensive written opinion in which he dealt with all of the issues raised by plaintiff and concluded that substantial evidence supported the Secretary's decision. We have made our own review of this record and also conclude that substantial evidence supports the Secretary's decision. Accordingly, we affirm on the basis of Judge Edgar's opinion.
 
 
 6
 On appeal, the primary thrust of Green's argument is that his claim of pain did not receive proper consideration and the reports of his treating physicians were not given proper deference. As to the pain complaint, we agree with the ALJ and the district court that the nature of plaintiff's medical problems, the life style that he lives on a day-to-day basis, and the limited pain medication he takes all belie his claim of disabling pain.
 
 
 7
 The treating physicians' conclusions have to be viewed in light of the fact that, for the most part, they were given in the context of worker's compensation and employer disability pension proceedings where the standards for disability are much different than they are for social security disability. By and large the physicians opined that Green should not return to his prior work, and that, of course, was the starting point rather than the ending point in the social security proceeding.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Avern Cohn, United States District Court for the Eastern District of Michigan, sitting by designation